IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROLSCHE BIERBROUWERIJ NEDERLAND, B.V., a foreign corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>DOVEBID, INC., a California corporation; and GOINDUSTRY USA, INC., a Maryland corporation,<br><br>    Defendants. | Case No. 11-763 SC<br><br>ORDER RE: DEFENDANTS' <u>MOTION TO DISMISS</u> |

## I. INTRODUCTION

Plaintiff Grolsche Bierbrouwerij Nederland, B.V. ("Plaintiff") commenced this action against Defendants DoveBid, Inc. ("DoveBid") and GoIndustry USA, Inc. ("GoIndustry") (collectively, "Defendants"), alleging breach of a written guaranty. First Amended Complaint, ECF No. 19 ("FAC"). Now before the Court is a fully briefed motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) and the doctrine of forum non conveniens, or, in the alternative, to stay this action pending the resolution of another action Plaintiff commenced in the Netherlands. ECF Nos. 23 ("Mot."), 27 ("Opp'n"), 28 ("Reply"). For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

///

///

## II. BACKGROUND

As it must on a Rule 12(b)(6) motion, the Court assumes the truth of the well-pleaded facts in Plaintiff's FAC; however, it does not accept as true allegations that contradict exhibits attached to the FAC or matters properly subject to judicial notice. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).  Plaintiff, a foreign corporation based in the Netherlands, owned two breweries in the Dutch cities of Groenlo and Enschede.  FAC ¶¶ 1, 7.  In 2003, it decided to close these two facilities and liquidate their assets.  Id. ¶ 8.

On or about July 10, 2003, Plaintiff entered into a written agreement ("the Agreement")[1] with Hamerbod B.V. f/k/a DoveBid Netherlands B.V. ("Hamerbod"), a United Kingdom corporation.  Id. ¶ 9.  Under this Agreement, Hamerbod agreed to sell specific assets from these two facilities on Plaintiff's behalf.  Id. ¶ 9; Agreement § 4.  Hamerbod agreed that if certain conditions were met, it would pay Plaintiff a minimum of four million euros.  Id. This guaranteed minimum payment was due on or before September 30, 2005.  Agreement § 4.  The Agreement provided that Hamerbod would be liable if it sold any assets that Plaintiff had not included in an exhibit attached to the Agreement.  Id. § 7.

Also on or about July 10, 2003, Plaintiff entered into a separate agreement ("the Guaranty") with DoveBid, a California corporation that Plaintiff alleges is Hamerbod's parent company.

---

[1] Plaintiff attached the Agreement to its FAC.  FAC Ex. A ("Agreement").  Defendants do not dispute its authenticity, and the Court takes judicial notice of it.

Id. ¶¶ 4, 10-11.[2]  Under the Guaranty, DoveBid "irrevocably and unconditionally" guaranteed performance and payment of Hamerbod's obligations under the Agreement.  Id.

Plaintiff alleges that while the Agreement required payment of the guaranteed minimum by September 30, 2005, Plaintiff and Hamerbod agreed to extend this deadline several times "in an attempt to maximize the gross proceeds received" from the sale of the two facilities' assets.  Id. ¶ 12.  Hamerbod did not complete the sale of the assets until the summer of 2006.  Id.  Plaintiff and Hamerbod then met to discuss the balance owed by Hamerbod under the Agreement.  Id. ¶ 13.  Plaintiff alleges that during these discussions, the two "reached a mutual understanding that Hamerbod's obligation to pay the amount still owing under the Agreement would not arise until after the parties' discussions regarding the amount still owed under the Agreement were concluded and Grolsche issued a final invoice to Hamerbod demanding payment of the amount Grolsche believed was owed."  Id.

On October 31, 2006, Hamerbod sent Plaintiff a letter of its "final settlement . . . detailing all proceeds, costs and charges incurred and remittances made with respect to the project to liquidate the Groenlo and Enschede facilities pursuant to the . . . Agreement."  Mot. at 5; Am. Dutch Compl. ¶¶ 18-19; id. Ex. 14 ("Oct. 31, 2006 Letter").[3]  Hamerbod denied that it was liable for

---

[2] Plaintiff attached the Guaranty to its FAC.  FAC Ex. B ("Guaranty").  Defendants do not dispute its authenticity, and the Court takes judicial notice of it.

[3] Defendants seek judicial notice of documents filed by Plaintiff in a breach of contract action Plaintiff brought against Hamerbod in the Netherlands, discussed infra.  ECF No. ("RJN").  Specifically, Defendants seek judicial notice of the initial summons and complaint, the amended summons and complaint, and the documents attached to both complaints.  Id. Exs. 1, 2.  Defendants

3

the four million euro guarantee, claiming that the conditions provided in the Agreement had not occurred. Id. Hamerbod concluded by stating it "has fully performed all of its obligations pursuant to the Agreement, and the enclosed remittance constitutes our final settlement of this engagement." Id.

On November 10, 2006, Plaintiff issued an invoice to Hamerbod, dated November 9, 2006, in the amount it believed Hamerbod still owed under the Agreement. Id. ¶ 14; Am. Dutch Compl. Ex. 9 ("Nov. 10, 2006 Letter"). In it, Plaintiff acknowledged receipt of the October 31, 2006 Letter, and wrote: "It is our firm conclusion that your firm has to pay us the 'guaranteed minimum' under the guarantee." Id. The invoice demanded payment within twenty days. Id. Hamerbod did not make a payment within this time frame. Id. ¶ 15.

On December 4, 2006, Plaintiff sent Hamerbod another letter in regard to "overdue accounts." Am. Dutch Compl. Ex. 10 ("Dec. 4, 2006 Letter"). Plaintiff stated: "On repeated occasions we have urged your company to perform your payment obligations toward us

---

also seek judicial notice of an English-language translation of the amended Dutch summons and complaint by Dutch Translator Wanda J. Boeke ("Boeke"). Id. ¶ 2. Boeke declares that, among other qualifications, she is certified by the American Translators Association and the Translators and Interpreters Guild with respect to Dutch-to-English translations. ECF No. 14. She declares that she has attached a true, correct, and accurate copy of her Dutch-to-English translation of the summons. Id. ¶ 8; id. Ex. B ("Am. Dutch Compl."). A court may take judicial notice of a document if the plaintiff's claim depends on the contents of the document and the parties do not dispute the authenticity of the document. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Because Plaintiff's claim depends on the existence of the documents and because there is no dispute as to their authenticity, the Court GRANTS Defendants' request. However, because the Court may not take judicial notice of the truth of the facts recited within a judicially noticed document, Lee v. City of Los Angeles, 250 F.3d 668, 688-90 (9th Cir. 2001), it limits this notice accordingly.

4

under our agreement dated 10 July 2003.  However all our attempts to induce your company to pay the overdue accounts, have been ignored."  Id.  Plaintiff threatened legal action if Hamerbod failed to make this payment within seven days.  Id.

Hamerbod did not remit payment within seven days.  On March 9, 2007, Hamerbod wrote Plaintiff, again refusing to make the demanded payment and restating the reasons why it believed it was not responsible for the guarantee.  FAC ¶ 15.

Plaintiff alleges that under the Agreement, Hamerbod paid €3,688,476.09, leaving €311,523.91 of the guaranteed minimum unpaid.  Id. ¶ 16.  Plaintiff alleges that Hamerbod was also responsible for paying €760,000 in Value Added Tax ("VAT") under the Agreement.  Id. ¶ 17.  Plaintiff also alleges that Hamerbod sold a piece of equipment that Plaintiff did not own, despite having notice that Plaintiff did not own the equipment, and thus is liable under the Agreement for the €50,000 cost of replacement.  Id. ¶ 18.

On October 19, 2010, Plaintiff filed suit against Hamerbod in the Netherlands, alleging breach of the Agreement.  Id. ¶ 19.  On January 19, 2011, Plaintiff amended its Dutch Complaint.  Id.; see Am. Dutch Compl.  Neither DoveBid nor GoIndustry are named as defendants in the Dutch complaint.

On November 24, 2010, Plaintiff brought the present action for breach of a written guaranty against DoveBid and GoIndustry in California Superior Court for the County of San Mateo.  ECF No. 1 ("Notice of Removal") Ex. A ("Initial Compl.").  Plaintiff alleges that on or about December 31, 2010, DoveBid was merged into GoIndustry, a Maryland corporation, and claims that through this

merger, GoIndustry assumed DoveBid's legal obligations. FAC ¶¶ 10, 4. On February 18, 2011, Defendants removed this action to federal court, citing 28 U.S.C. §§ 1332 and 1441(b) as the basis for removal. See Notice of Removal ¶ 3. Defendants filed a motion to dismiss the action on March 13, 2011, alleging that Plaintiff's cause of action against Defendants accrued no later than November 9, 2006, thus time-barring Plaintiff's action. ECF No. 13. On April 4, 2011, Plaintiff filed its FAC. See FAC. Defendants subsequently withdrew their first motion and filed the instant Motion. See Mot.

Defendants argue that under California's four-year statute of limitations for breach of a written contract, Plaintiff's claim is time-barred. Mot. at 1. Defendants allege that Plaintiff "clearly believed" that Hamerbod had breached its obligations under the Agreement no later than November 9, 2006, "and likely earlier," rendering the November 24, 2010 filing of this action untimely. Id. at 1-2. Defendants argue in the alternative that the action should be dismissed or stayed based on the doctrine of forum non conveniens and failure to join an indispensible party. Id. at 2.

**III. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "When there are well-pleaded factual allegations, a court

6

1 should assume their veracity and then determine whether they
2 plausibly give rise to an entitlement to relief." <u>Ashcroft v.</u>
3 <u>Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a
4 court must accept as true all of the allegations contained in a
5 complaint is inapplicable to legal conclusions.  Threadbare
6 recitals of the elements of a cause of action, supported by mere
7 conclusory statements, do not suffice."  <u>Iqbal</u>, 129 S. Ct. at 1950
8 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980).  California provides a four-year statute of limitations for actions "upon any contract, obligation or liability founded upon an instrument in writing."  Cal. Civ. Proc. Code § 337(1).  A cause of action for breach of contract accrues at the time of breach; that is, "the limitations period begins when the plaintiff suspects, or should suspect, that she has been wronged." <u>Jolly v. Eli Lilly & Co.</u>, 44 Cal. 3d 1103, 1112 (1988).

Unless the guaranty provides otherwise, the liability of a surety or guarantor accrues at the same time as that of the principal, or upon default of the principal. <u>Bloom v. Bender</u>, 48 Cal. 2d 793, 799 (1957); Cal. Code Civ. Proc. § 359.5 ("If the obligations under a surety bond are conditioned upon performance of the principal, the expiration of the statute of limitations with

7

respect to the obligations of the principal, other than the obligations of the principal under the bond, shall also bar an action against the principal or surety under the bond, unless the terms of the bond provide otherwise."). If the principal and the creditor agree to modify a contract and the guarantor consents to that modification, the guarantor is bound by that change. State Bd. of Equalization v. Carleton, 223 Cal. App. 3d 1607, 1610 (Ct. App. 1990). "Consent to such changes may be given in advance in the contract for the performance of the suretyship obligation." Id.

Defendants argue that given judicially noticeable documents and facts admitted by Plaintiff, Plaintiff's claim is time-barred as a matter of law.[4] They assert the following facts are uncontested: under the terms of the Agreement, the guaranteed minimum payment was due on or before September 30, 2005; Hamerbod sent Plaintiff a letter denying liability for the guaranteed minimum payment and offering a "final settlement" on October 31, 2006; and Plaintiff sent Hamerbod a "final invoice" demanding payment of the guaranteed minimum payment on November 9, 2006. They argue that these uncontested facts establish that Plaintiff's

---

[4] The parties dispute whether the Court may treat statements made by Plaintiff in its Dutch complaints as judicial admissions. The Court may treat factual assertions in pleadings as judicial admissions conclusively binding on the party who made them; however, where a party explains the statement as being made in error in a subsequent pleading or by amendment, the Court must accord the explanation some weight. Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 859-60 (9th Cir. 1995). The Ninth Circuit has not addressed whether a district court may treat statements made in a foreign proceeding as judicial admissions. Plaintiff does not argue that statements within the Dutch complaints were in error; rather, it argues that they are consistent with the allegations in the FAC. Because of this, and because of relatedness of the two actions, the Court finds it appropriate to treat statements made by Plaintiff in its Amended Dutch Complaint as judicial admissions.

1  cause of action for breach of the Agreement accrued no later than
2  November 9, 2006, and thus Plaintiff's November 24, 2010 filing of
3  this action occurred after Plaintiff's claim had been extinguished
4  by the statute of limitations.  Defendants suggest that Plaintiff's
5  claim accrued even earlier, referencing Hamerbod's obligation under
6  the Agreement to pay the guarantee by September 30, 2005 and
7  Hamerbod's October 31, 2006 letter denying its obligation to pay
8  the guarantee and offering a "final settlement."  Mot. at 5; Am.
9  Dutch Compl. ¶¶ 18-19.
10       Plaintiff argues that its claim against Hamerbod did not
11 accrue until November 29, 2010.  Opp'n at 7.  Plaintiff argues that
12 because its November 9, 2006 letter demanded payment within twenty
13 days, its cause of action against Hamerbod did not accrue until
14 Hamerbod failed to pay within that twenty-day time period.  Id.
15 Defendants respond that the plain language of the Agreement
16 provides that Hamerbod's payment obligations accrued no later than
17 twenty days after the auction sales were completed, and that the
18 Agreement makes no mention of a "notice" or "invoice" requirement.
19 Reply at 1.  The parties agree that the auction sales were
20 completed in summer of 2006, and so Defendants argue that as such,
21 any breach occurred ten days after the final sale.  Id.  Defendants
22 challenge Plaintiff's argument that the statute of limitations was
23 tolled because Plaintiff asked for the invoice to be paid in twenty
24 days, stating: "if Grolsche's position were correct, a plaintiff
25 could avoid the SOL indefinitely simply by sending invoices with
26 future due dates, but a plaintiff does not control the statute of
27 limitations, and that is certainly not the law."  Id. at 2.
28       The Court agrees with Defendants.  A party to a contract

cannot avoid the statute of limitations by unilaterally setting a date by which it demands payment; as Defendants note, this would frustrate the purpose of the statute of limitations. When Hamerbod failed to pay the guarantee by September 30, 2005, it breached the Agreement. As such, absent tolling, modification to the Agreement, or a separate enforceable agreement, the statute of limitations on Plaintiff's breach-of-contract claim against Hamerbod ran on October 1, 2010. Under section 359.5 of California's Code of Civil Procedure, this would extinguish a cause of action against a surety unless the terms of the Guaranty provided otherwise, and, as the Court discusses infra, the Guaranty does not provide otherwise.

Next, Plaintiff alleges that in the summer of 2006, during Hamerbod's performance under the Agreement, Hamerbod and Plaintiff agreed that Hamerbod's obligation to pay the balance would not accrue until their discussions were concluded and Plaintiff issued a final invoice to Hamerbod for payment. Opp'n at 8. Plaintiff argues that as such, Hamerbod's obligation did not arise until November 9, 2006, when Plaintiff sent Hamerbod a letter demanding payment, and that Hamerbod did not breach this obligation until twenty days later, when it failed to pay within the timeframe provided by Plaintiff. Id. Plaintiff argues that although the FAC does not state that Defendants were aware of this agreement and consented to it, "it is more than reasonable to assume" they did. Opp'n at 10.

Defendants call this argument "completely disingenuous." Reply at 4. They cite California law requiring amendments or modifications to written contracts to be in writing. Id. (citing Cal. Civ. Code § 1689). They note that the Agreement contained a

merger clause which stated that it "constitutes the entire understanding between the parties," and as such California's parol evidence rule does not permit varying its terms. Id. at 5. They argue that if Plaintiff claims the parties made a subsequent oral agreement, California's two-year statute of limitations for breach of oral contracts would have run no later than November 2008. Finally, Defendants cite section 360.5 of California's Code of Civil Procedure, which requires a written agreement signed by the person obligated to extend the time to sue. Id. Defendants argue that no such provision exists either in the Agreement or the Guaranty, and no separate writing exists. Id.

The Court agrees with Defendants. Because the Agreement clearly contemplates payment of the guarantee by September 30, 2005, Plaintiff's claim is time-barred unless the Agreement was validly modified. An oral agreement to extend the deadline for Hamerbod to pay would be barred by section 1689. For Plaintiff to state a valid claim, it would have to allege that Hamerbod agreed, in writing, to modify the terms of the Agreement, and that Defendants either consented to this modification or agreed, in writing, to modify the terms of the Guaranty. Furthermore, this modification would have to specifically state that the Agreement was modified such that Hamerbod's obligation to pay was not to accrue until Plaintiff sent Hamerbod a final demand for payment. To the extent Plaintiff argues that the parties specifically agreed to extend the time for Plaintiff to sue, Plaintiff does not allege the existence of a writing signed by Hamerbod so stating.

Such a claim would be inconsistent with the judicially noticeable communications before the Court and the allegations in

11

Plaintiff's Dutch Complaint. Hamerbod's October 31, 2006 Letter states that it represents Hamerbod's "final settlement" under the Agreement. In the November 10, 2006 Letter, Plaintiff acknowledges receipt of the October 31, 2006 Letter, and writes: "It is our firm conclusion that your firm has to pay us the 'guaranteed minimum' under the guarantee." See Oct. 31, 2006 Letter. In the December 4, 2006 Letter sent to DoveBid regarding "overdue accounts," Plaintiff states: "On repeated occasions we have urged your company to perform your payment obligations toward us under our agreement dated 10 July 2003. However all our attempts to induce your company to pay the overdue accounts, have been ignored." See Dec. 4, 2006 Letter. This communication does not suggest that Plaintiff and Hamerbod agreed that Hamerbod did not breach until it failed to submit payment by November 29, 2006 -- rather, it heavily suggests Plaintiff was attempting to collect on a debt which had already become due. Not only are the facts as Plaintiff alleged them inconsistent with the facts provided by these documents and judicial admissions, the two factual accounts are irreconcilable.

Finally, Plaintiff argues that even if its cause of action against Hamerbod had accrued before November 29, 2010, its cause of action against DoveBid had not, because "under the clear terms of the Guarantee, DoveBid's duty to perform Hamerbod's payment obligations did not arise until Grolsche demanded that it pay the balance owed by Hamerbod under the Auction Agreement." Opp'n at 7.

While the liability of a guarantor ordinarily accrues at the same time as that of the principal, the parties can provide otherwise in the terms of the guaranty. Bloom, 48 Cal. 2d at 799; Cal. Code Civ. Proc. § 359.5. Plaintiff does not cite to a

12

1   specific provision in the Guaranty that supports this argument.
2   The Guaranty states that DoveBid "agreed to guarantee the due
3   performance by the Contractor [Hamerbod] of its obligations under
4   the Contract in the manner hereinafter appearing."  See Guaranty.
5   It provides that "if the Contractor is in default under the
6   Contract, then the Guarantor [DoveBid] shall indemnify and keep
7   indemnified the Employer [Plaintiff] against any loss, damages,
8   claims, costs and expenses which may be incurred by reason of such
9   default and it will itself perform the payment obligations under
10  the Contract at first demand of the Employer."  Id.  It provides
11  that DoveBid "shall in no event exceed the liability and payment
12  obligations of the Contractor to the Employee under the terms of
13  the Contract."  Id.

14      The Court finds none of this language to be the least bit
15  susceptible to a plausible interpretation that the parties sought
16  to replace the standard rules for accrual of guarantor liability.
17  To the extent that Plaintiff argues Defendants' promise to "perform
18  the payment obligations under the Contract at first demand of the
19  Employer" serves to alter the accrual of Defendants' liability for
20  statute of limitations purposes, such an argument is unavailing.
21  Under this reading, the guarantor's obligation would not accrue
22  until a demand was made on the guarantor by the principal; this
23  would permit the principal to evade the statute of limitations by
24  making its "first demand" on Defendants for payment years after
25  breach by the principal.

26      In light of the judicially noticeable documents before the
27  Court and Plaintiff's judicial admissions, the Court finds no
28  plausible scenario in which Plaintiff's claim against Defendants

13

would be valid. Accordingly, the Court DISMISSES, WITH PREJUDICE, Plaintiff's action against Defendants. The Court does not reach the issue of dismissal under the doctrine of forum non conveniens.

### V. CONCLUSION

For the above reasons, the Court GRANTS the Motion to Dismiss brought by Defendants DoveBid, Inc. and GoIndustry USA, Inc. alleging breach of a written guaranty, and DISMISSES WITH PREJUDICE Plaintiff Grolsche Bierbrouwerij Nederland, B.V.'s Complaint.

IT IS SO ORDERED.

Dated: August 2, 2011                          _____
                                               UNITED STATES DISTRICT JUDGE