IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROLSCHE BIERBROUWERIJ NEDERLAND, B.V., <br><br> Plaintiff, <br><br> v. <br><br> DOVEBID, INC.; GOINDUSTRY USA, INC., DOES 1 THROUGH 50, inclusive, <br><br> Defendants. | Case No. C 11-00763 SC <br><br> ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS |

## I. INTRODUCTION

Defendants Dovebid, Inc. ("Dovebid") and GoIndustry USA, Inc. ("GoIndustry") (collectively, "Defendants'") move the Court for an order awarding them attorney's fees and costs as the prevailing party in this matter following the dismissal of Plaintiff Grolsche Bierbrouwerij Nederland, B.V.'s ("Plaintiff") First Amended Complaint ("FAC"). ECF No. 33 ("Mot."). The Motion is fully briefed. ECF Nos. 36 ("Opp'n"), 37 ("Reply"), 38 ("Obj. to Bill of Costs"); 39 ("Resp. to Obj. to Bill of Costs"). For the reasons set forth below, the Court GRANTS Defendants' Motion.

///
///

## II. BACKGROUND

On or about July 10, 2003, Plaintiff entered into a written agreement ("the Agreement")[1] with Hamerbod B.V. f/k/a Dovebid Netherlands B.V. ("Hamerbod"), a United Kingdom corporation. ECF No. 19 ("FAC") ¶ 9. Under the Agreement, Hamerbod agreed to sell a number of Plaintiff's assets on Plaintiff's behalf and to pay Plaintiff a minimum of four million Euros if certain conditions were met. Id. The Agreement also provided: "If any action at law or in equity is brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs from the other party." Agreement § 14.

Also on or about July 10, 2003, Plaintiff entered into a separate agreement ("the Guarantee")[2] with Dovebid, a Delaware corporation doing business in the Northern District of California. Id. ¶¶ 3, 10. Plaintiff alleges that Dovebid is Hamerbod's parent company and that, as of December 31, 2010, Dovebid was merged into GoIndustry, with GoIndustry assuming all legal obligations of Dovebid. Id. ¶¶ 4, 10. Under the Guarantee, Dovebid "irrevocably and unconditionally" guaranteed performance of Hamerbod's obligations under the Agreement. Id. ¶ 11. The Guarantee does not contain a provision for the recovery of reasonable attorney's fees for actions brought to enforce its terms.

In November 2010, Plaintiff filed a Complaint against Dovebid and GoIndustry for breach of the Guarantee in state court. ECF No. 1 ("Not. of Removal") Ex A. ("Compl."). Defendants later removed

---

[1] Plaintiff attached the Agreement to its FAC. FAC Ex. A ("Agreement").

[2] Plaintiff also attached the Guarantee to its FAC. FAC Ex. B ("Guarantee").

2

the action to federal court. Not. of Removal. Defendants moved to dismiss the Complaint on March 14, 2011, but, a few days later, Plaintiff filed its FAC. ECF No. 13 ("Mot. to Dismiss Compl."); FAC. Defendant then filed a motion to dismiss the FAC, which the Court granted on August 2, 2011 on the grounds that Plaintiff's claim was time-barred. ECF Nos. 23 ("Mot. to Dismiss FAC"), 31 ("Aug. 2, 2011 Order").

Now Defendants seek reimbursement for attorney's fees and costs expended in prosecuting this action. Mot. at 1. Defendants bring the Motion pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Plaintiff's action was frivolous because it was barred by the statute of limitations. Id. at 8. Defendants also bring the Motion pursuant to California Civil Code Section 1717 and California Code of Civil Procedure Section 1021 on the grounds that Section 14 of the Agreement is enforceable against Plaintiff. Id. at 1.

**III. DISCUSSION**

**A. Rule 11 Sanctions**

Under Rule 11 of the Federal Rules of Civil Procedure, the Court may impose sanctions against a party or attorney when a pleading is filed for an improper purpose, when the legal contentions are not warranted by existing law or a nonfrivolous argument for the extension of existing law, or when the factual contentions lack evidentiary support. Fed. R. Civ. P. 11(b)-(c). "The rule provides two independent bases for the imposition of sanctions: one if a pleading is frivolous and another if it has been filed for an improper purpose." Westlake North Property

3

Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir. 1990). "The key question in assessing frivolousness is whether a complaint states an arguable claim -- not whether the pleader is correct in his perception of the law." Hudson v. Moore Bus. Forms, Inc., 836 F.2d 1156, 1159 (9th Cir. 1987).

Defendants argue that they are entitled to Rule 11 sanctions because, on various occasions, they "informed [Plaintiff] that its action was frivolous as it was barred by the statute of limitations, and otherwise improper, but [Plaintiff] refused to dismiss the action voluntarily." Mot. at 8. However, Defendants do not explain why Plaintiff's action failed to state an "arguable claim," nor do they contend that the action was filed for an improper purpose. In its Opposition, Plaintiff contends that it filed the instant action based on the reasonable belief that it was timely in light of the language in the Guarantee and authority regarding the accrual of actions under guarantees. Opp'n at 5.

The Court finds that Plaintiff's arguments, while ultimately unsuccessful, were not legally baseless or frivolous. The circumstances of this case are not so unusual as to warrant an award of Rule 11 sanctions. Plaintiff's FAC sets forth an "arguable claim," even if it was ultimately unsuccessful. See Hudson, 836 F.2d at 1159. Further, there is no indication that Plaintiff's claims were brought for an improper purpose. An award of Rule 11 sanctions would merely serve to chill zealous advocacy. Accordingly, the Court finds that such sanctions are not appropriate in this case.

///
///

4

**B. The Agreement and Guarantee**

Defendants also argue that they are entitled to attorney's fees as the prevailing party in the action pursuant to Section 14 of the Agreement between Hamerbod and Plaintiff. Section 14 of the Agreement provides that: "If any action at law or in equity is brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs from the other party." Id. at 3. Defendants contend that the Agreement should be interpreted together with the Guarantee, as the two documents were executed contemporaneously, Plaintiff was a party to both, and Dovebid is Hamerbod's parent company. Plaintiff argues that Defendants cannot enforce the Agreement against Plaintiff because Defendants were not a party to the Agreement. Opp'n at 2. Plaintiff also argues that the Guarantee alone should govern the rights and remedies between the parties. Id. As the Guarantee is the only agreement to which both Plaintiff and Defendants were a party and the Guarantee does not contain an attorney's fees clause, Plaintiff contends that Defendants are not entitled to attorney's fees and costs. Id.

The parties agree that California law governs the dispute over the Agreement and Guarantee. California Civil Code Section 1717 ("Section 1717") provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

5

Cal. Civ. Code § 1717(a). California courts have interpreted Section 1717 to "provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124, 128 (Cal. 1979); see also Dell Merk, Inc. v. Franzia, 132 Cal. App. 4th 443, 451 (Cal. Ct. App. 2005).

Thus, the pertinent question is not whether Defendants Dovebid and GoIndustry were a party to the Agreement, but whether Plaintiff would have been entitled to attorney's fees were it the prevailing party. Under the Guarantee, Dovebid "irrevocably and unconditionally guarantees" to Plaintiff that Hamerbod "will properly perform the [Agreement] and will comply with all of its terms and conditions." Guarantee at 1. The Guarantee also provides that Dovebid "will itself perform the payment obligations of [Hamberbod] under the [Agreement]." Id. These terms indicate that Defendants would have been liable for attorney's fees had Plaintiff been the prevailing party. See Niederer v. Ferreira, 189 Cal. App. 3d 1485, 1506 (Cal. Ct. App. 1987) (guarantor liable for attorney's fees where "the guaranty does, in essence, provide the guarantors will 'perform' the underlying contract or make payment on the note . . . in the event of default" and the underlying contract provided for attorney's fees).

Accordingly, the Court finds that Defendants are entitled to attorney's fees pursuant to the Agreement and Guarantee under the reciprocal remedy provisions of California Civil Code Section 1717.
///

### C. Reasonable Attorney's Fees and Costs

Defendants seek $41,023 in attorney's fees and $1,053 in costs. Plaintiff has not challenged the amount of Defendants' attorney's fees, but did object to Defendants' Bill of Costs, ECF No. 36, on the grounds that Defendants failed to attach supporting documentation justifying the costs claimed. Obj. to Bill of Costs at 1. Defendants subsequently filed a declaration explaining and attaching supporting documentation for some of their costs. Capobianco Costs Decl.[3] Defendants also filed an amended Bill of Costs, which excluded some of the costs initially claimed. ECF No. 41 ("Bill of Costs"). For the reasons set forth below, the Court finds that Defendants are entitled to $41,023 in attorney's fees and $703 in costs.

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court . . . . [Citations.] The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. [Citations.] The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." PLCM Group, Inc. v. Drexler, 22 Cal.

---

[3] Plaintiff's attorney, Anthony Capobianco ("Capobianco"), submitted a declaration in opposition to Plaintiff's Objection to Defendants' Bill of Costs. ECF No. 39 ("Capobianco Costs Decl.").

4th 1084, 1096 (Cal. 2000) (quoting Melnyk v. Robledo, 64 Cal. App. 3d 618, 623 (Cal. App. Ct. 1976)). The fee setting determination ordinarily begins with the lodestar, i.e., "the number of hours reasonably expended multiplied by the reasonable hourly rate." Id. "The reasonable hourly rate is that prevailing in the community for similar work." Id. at 1095.

In the instant action, Defendants' attorneys, paralegals, and case clerks spent a total of 111.10 hours on this case. Capobianco Decl. in Supp. of Mot.[4] ¶ 9. These hours were expended for initial settlement offers, compliance with local rule pretrial requirements, drafting Defendants' two motions to dismiss, reviewing relevant documents, and drafting the instant Motion. Id. Attorneys' hourly rates for this matter ranged from $300 to $395 and the hourly rates for support staff ranged from $110 to $220. Id. ¶¶ 12-14. Defendants' attorney has declared that these rates are consistent with the prevailing market rate. Id. ¶ 15. In light of these facts declared in the Capobianco Declaration and the fact that Plaintiff has not challenged the amount of Defendants' attorney's fees, the Court finds Defendants' attorney's fees to be reasonable.

With respect to Defendants' Bill of Costs, the Civil Local Rules provide: "the bill must state separately and specifically each item of taxable costs claimed. It must be supported by an affidavit, pursuant to 28 U.S.C. §1924, that the costs are correctly stated, were necessarily incurred, and are allowable by law. Appropriate documentation to support each item claimed must

---

[4] Capobianco also submitted a declaration in support of Defendants' Motion. ECF No. 34 ("Capobianco Decl. in Supp. of Mot.").

8

1  be attached to the bill of costs."  N.D. L.R. 54-1(a).
2       Defendants submitted a declaration supporting some, but not
3  all of the costs listed in their Bill of Costs.[5]  Additionally,
4  Defendants' Bill of Costs appears to contain inconsistencies and
5  arithmetic errors.[6]  In light of these errors and omissions, the
6  Court finds that Defendants are only entitled to costs of $703.
7  Specifically, Defendants are entitled to $634 for translation
8  services[7] and $69 for removal fees.  These are the only costs which
9  are listed in Defendants' Bill of Costs, explained in the
10 Capobianco Costs Declaration, and supported by invoices submitted
11 to the Court.
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///

---

[5] For example, Capobianco's Costs Declaration does not refer to or provide documentation for the $350 filing fee listed in Defendants' Bill of Costs.

[6] Certain items listed in the itemized Bill of Costs, which was attached to the Bill of Costs, and the Capobianco Costs Declaration do not appear in the Bill of Costs.  Additionally, the itemized Bill of Costs attached to the Bill of Costs mistakenly states the sum of $69, $97, and $120 (the fees for document filings) as $186. ECF No. 41 ("Bill of Costs").

[7] In its Aug. 2, 2011 Order, the Court took judicial notice of various documents that Plaintiff filed in its pending Dutch action. Capobianco Costs Decl. ¶ 3.  Because the documents were written in Dutch, Defendants retained a certified translator to translate these documents.  Id.

9

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Attorney's fees. Plaintiff Grolsche Bierbrouwerij Nederland, B.V. is ORDERED to pay Defendants Dovebid, Inc. and GoIndustry USA, Inc. $41,023 in attorney's fees and $703 in costs.

IT IS SO ORDERED.

Dated: October 25, 2011 

UNITED STATES DISTRICT JUDGE